UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**PETER COTTOS,**

        Plaintiff,                    Case No.

v.

                                          Hon.

**MDM RESTAURANTS, INC., d/b/a**
**SILVER CRIKET,**
**DONALD MANASIAN, and**
**MICHAEL MANASIAN**

        Defendants.

**GOLD STAR LAW, P.C.**
**David A. Hardesty (P38609)**
**Caitlin E. Malhiot (P76606)**
Attorneys for Plaintiff
2701 Troy Center Dr., Ste. 400
Troy, Michigan 48084
(248) 275-5200
*dhardesty@goldstarlaw.com*
*cmalhiot@goldstarlaw.com*

## COMPLAINT

Plaintiff Peter Cottos, through his attorneys, Gold Star Law, P.C., for his Complaint states:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Peter Cottos is an individual who resides in Dearborn Heights, Wayne County, Michigan.

2. Defendant MDM Restaurants, Inc., d/b/a Silver Criket ("MDM"), is a domestic profit corporation with its place of business in Dearborn, Michigan.

3. Defendant Michael Manasian ("Michael") is an individual regularly conducting business in Dearborn, Wayne County, Michigan.

4. Defendant Donald Manasian ("Donald") is an individual regularly conducting business in Dearborn, Wayne County, Michigan.

5. This action arises under the Fair Labor Standards Act of 1938 ("FLSA") 29 U.S.C. 201, *et seq.*, and jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331.

6. Defendants reside within this judicial district and the claims asserted in the action arose within this district. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b)

## FACTUAL ALLEGATIONS

6. Defendant MDM owns and operates an adult cabaret in Dearborn, Michigan.

7. Upon information and belief, Defendant Michael is the resident agent, president, and co-owner of MDM and is responsible for managing MDM's business operations and setting its compensation policies.

8. Upon information and belief, Defendant Donald is a co-owner of MDM and is responsible for managing MDM's business operations and setting its compensation policies.

9. Defendants employed Plaintiff as a security guard and host from on or about March 7, 2016 to on or about April 20, 2018.

10. During the first week of Plaintiff's employment with Defendants, Plaintiff worked approximately 14 hours.

11. During the second and third weeks of Plaintiff's employment with Defendants, Plaintiff worked approximately 28 hours.

12. From approximately March 28, 2016 through February 2018, Plaintiff worked an average of 49 hours per week.

13. From February 2018, through on or about April 20, 2018, Plaintiff worked an average of 40 hours per week.

14. Pursuant to the FLSA, Defendants were required to compensate Plaintiff at least minimum wage for hours worked up to 40 per week, and at 1 ½ times the minimum wage rate for hours worked in excess of 40 per week.

15. Defendants did not compensate Plaintiff for any hours worked. The only form of compensation that Plaintiff received was the tips that he earned from customers.

16. At the end of each shift, Plaintiff was required to give a portion of his tips, generally 33% or more, to a manager on duty.

17. Plaintiff was not, at any time during his employment, exempt from the minimum wage and overtime pay requirements of the FLSA.

18. All hours worked by Plaintiff, including overtime hours, were worked at the direction and with the sufferance of Defendants.

19. Plaintiff worked a minimum of 5,303 hours during the course of his employment with Defendants.

20. Plaintiff's actual lost wages are at least $50,459.18, not including his liquidated damages, attorney fees and costs.

21. Defendants' failure to pay minimum wage and overtime was willful, with knowledge, or with reckless disregard of the statutory overtime requirements.

### CAUSE OF ACTION VIOALTION OF THE FAIR LABOR STANDARDS ACT OF 1938

18. Plaintiff incorporates the foregoing allegations of this Complaint as if fully stated herein.

19. Defendants are "employers" within the coverage of the FLSA. 29 U.S.C. 203(d).

20. Plaintiff is an "employee" within with coverage of the FLSA. 29 U.S.C. 203(e).

21. Defendants are an "enterprise engaged in commerce" as defined by the FLSA. 29 U.S.C. 203(s).

22. Defendants had revenues in excess of $500,000.00 per year during the time of Plaintiffs' employment with Defendants. 29 U.S.C. 203(s).

23. Defendants failed to pay Plaintiff at least minimum wage for all of the hours Plaintiff worked up to 40 hours per week, in violation of the FLSA. 29 U.S.C. 206(a).

24. Defendants failed to pay Plaintiff at 1 ½ times minimum wage for all hours worked in excess of 40 hours per week, in violation of the FLSA. 29 U.S.C. 207(a).

25. An employer who violates the FLSA is liable to the employee for the difference between the amount paid to the employee and the amount that, but for the violation, would have been paid, plus an additional equal amount as liquidated damages and reasonable attorney fees. 29 U.S.C. § 216(b).

26. As a direct and proximate cause of Defendants' violation of the FLSA, Plaintiff has sustained damages in the form of unpaid wages and overtime compensation.

27. Plaintiff's actual damages are at least $50,459.18.

28. Plaintiff's liquidated damages are at least $50,459.18.

**WHEREFORE**, Plaintiff requests that the Court grant judgment in Plaintiff's favor and against Defendants, jointly and severally, for at least $100,918.35, together with Plaintiff's costs and reasonable attorney fees incurred herein, and such other relief as the Court deems just and equitable.

                                    Respectfully submitted,

                                    **GOLD STAR LAW**
                                    */s/ Caitlin E. Malhiot*
                                    **David A. Hardesty (P38609)**
                                    **Caitlin E. Malhiot (P76606)**
                                    Attorneys for Plaintiff
                                    2701 Troy Center Dr., Ste. 400
                                    Troy, Michigan 48084
                                    (248) 275-5200
                                    *dhardesty@goldstarlaw.com*
                                    *cmalhiot@goldstarlaw.com*

Dated: May 11, 2018