UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**PETER COTTOS,**

                Plaintiff,        Case No.: 18-cv-11502
vs.        Hon.:  Matthew F. Leitman
      **Demand for Trial By Jury**

**MDM RESTAURANTS, INC., d/b/a
SILVER CRIKET,
DONALD MANASIAN, and
MICHAEL MANASIAN**

                Defendants.

| | |
|---|---|
| GOLD STAR LAW, P.C.<br>David A. Hardesty (P38609)<br>Caitlin E. Malhiot (P76606)<br>2701 Troy Center Dr., Ste. 400<br>Troy, Michigan 48084<br>(248) 275-5200<br>dhardesty@goldstarlaw.com<br>cmalhiot@goldstarlaw.com<br><br>*Attorneys for Plaintiff* | Angelina R. Irvine (P81712)<br>DICKINSON WRIGHT PLLC<br>500 Woodward Avenue, Suite 4000<br>Detroit, Michigan 48226<br>(313) 223-3500<br>airvine@dickinsonwright.com<br><br>Kevin M. Bernys (P34085)<br>DICKINSON WRIGHT PLLC<br>2600 W. Big Beaver Road, Suite 300<br>Troy, Michigan 48084<br>(248) 433-7200<br>kbernys@dickinsonwright.com<br><br>*Attorneys for all Defendants* |

## DEFENDANTS' ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND

NOW COME Defendants MDM Restaurants, Inc., d/b/a Silver Criket, Michael Manasian, and Donald Manasian (collectively "Defendants") by and through their attorneys, Dickinson Wright PLLC, and answer Plaintiff's Complaint as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Peter Cottos is an individual who resides in Dearborn Heights, Wayne County, Michigan.

**ANSWER:  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and, therefore, neither admit nor deny such allegations.**

2. Defendant MDM Restaurants, Inc., d/b/a Silver Criket ("MDM"), is a domestic profit corporation with its place of business in Dearborn, Michigan.

**ANSWER:  Admitted.**

3. Defendant Michael Manasian ("Michael") is an individual regularly conducting business in Dearborn, Wayne County, Michigan.

**ANSWER:  Admitted.**

4. Defendant Donald Manasian ("Donald") is an individual regularly conducting business in Dearborn, Wayne County, Michigan.

**ANSWER: Admitted. Answering further, Defendant Donald Manasian has no financial interest in Defendant MDM Restaurants, Inc., d/b/a Silver Criket, and lacks any managerial authority in MDM, including, but not limited to, any authority to set, determine, authorize, or modify the payment structure, calculation, or actual tendered amounts of pay regarding MDM employees or independent contractors, and, as such, is not a proper Defendant in this suit.**

5. This action arises under the Fair Labor Standards Act of 1938 ("FLSA") 29 U.S.C. 201, *et seq.*, and jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331.

**ANSWER: Defendants admit that this Court has subject matter jurisdiction over FLSA actions. Answering further, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 and, therefore, neither admit nor deny such allegations, and leave Plaintiff to his proofs. Answering further, Defendants deny that they are liable to Plaintiff under the FLSA.**

6. Defendants reside within this judicial district and the claims asserted in the action arose within this district. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b).

**ANSWER: Defendants admit that they reside within this judicial district. Answering further, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6 and, therefore, neither admit nor deny such allegations, and leave Plaintiff to his proofs. Answering further, Defendants deny that they are liable to Plaintiff under the FLSA.**

## FACTUAL ALLEGATIONS

6.[1] Defendant MDM owns and operates an adult cabaret in Dearborn, Michigan.

**ANSWER: Admitted.**

7. Upon information and belief, Defendant Michael is the resident agent, president, and co-owner of MDM and is responsible for managing MDM's business operations and setting its compensation policies.

---

[1] The first paragraph under Factual Allegations in Plaintiff's Complaint is numbered paragraph 6. For consistency, Defendants maintain Plaintiff's numbering in their Answer.

**ANSWER:  Defendant Michael denies that he is a co-owner of MDM. Answering further, Defendant Michael admits that he is the resident agent, president, and sole owner of MDM and is responsible for managing MDM's business operations and setting its compensation policies.**

8.      Upon information and belief, Defendant Donald is a co-owner of MDM and is responsible for managing MDM's business operations and setting its compensation policies.

**ANSWER:  Denied as untrue.**

9.      Defendants employed Plaintiff as a security guard and host from on or about March 7, 2016 to on or about April 20, 2018.

**ANSWER:  Admitted in part and denied in part.  Answering further, Defendants admit that Plaintiff performed services at MDM for which he received payment.  Answering further, Defendants deny that they "employed" Plaintiff.  Answering further, Plaintiff did not begin performing services at MDM until on or about May 29, 2016, and last performed services at MDM on or about April 20, 2018.**

10.     During the first week of Plaintiff's employment with Defendants, Plaintiff worked approximately 14 hours.

**ANSWER:** Defendants admit that Plaintiff performed services for approximately 14 hours during his first week. Answering further, Defendants deny that they "employed" Plaintiff.

11. During the second and third weeks of Plaintiffs employment with Defendants, Plaintiff worked approximately 28 hours.

**ANSWER: Denied as untrue.** Answering further, Defendants deny that they "employed" Plaintiff.

12. From approximately March 28, 2016 through February 2018, Plaintiff worked an average of 49 hours per week.

**ANSWER: Denied as untrue.**

13. From February 2018, through on or about April 20, 2018, Plaintiff worked an average of 40 hours per week.

**ANSWER: Denied as untrue.**

14. Pursuant to the FLSA, Defendants were required to compensate Plaintiff at least minimum wage for hours worked up to 40 per week, and at 1 ½ times the minimum wage rate for hours worked in excess of 40 per week.

**ANSWER: Denied as untrue.**

15. Defendants did not compensate Plaintiff for any hours worked. The only form of compensation that Plaintiff received was the tips that he earned from customers.

**ANSWER: Denied as untrue.**

16. At the end of each shift, Plaintiff was required to give a portion of his tips, generally 33% or more, to a manager on duty.

**ANSWER: Denied as untrue.**

17. Plaintiff was not, at any time during his employment, exempt from the minimum wage and overtime pay requirements of the FLSA.

**ANSWER: Denied as untrue.**

18. All hours worked by Plaintiff, including overtime hours, were worked at the direction and with the sufferance of Defendants.

**ANSWER: Denied as pled. Answering further, Defendants admit only that Plaintiff performed services at MDM for which he received substantial payment.**

19. Plaintiff worked a minimum of 5,303 hours during the course of his employment with Defendants.

**ANSWER:  Denied as untrue.**

20. Plaintiff's actual lost wages are at least $50,459.18, not including his liquidated damages, attorney fees and costs.

**ANSWER:  Denied as untrue.**

21. Defendants' failure to pay minimum wage and overtime was willful, with knowledge, or with reckless disregard of the statutory overtime requirements.

**ANSWER:  Denied as untrue.**

### CAUSE OF ACTION VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938

18.[2]  Plaintiff incorporates the foregoing allegations of this Complaint as if fully stated herein.

**ANSWER:  Defendants hereby incorporate their preceding responses as though fully set forth herein.**

---

[2] The first paragraph under Cause of Action Violation of the Fair Labor Standards Act of 1938 in Plaintiff's Complaint is numbered 18.  For consistency, Defendants maintain Plaintiff's numbering in their Answer.

19. Defendants are "employers" within the coverage of the FLSA. 29 U.S.C. 203(d).

**ANSWER: Admitted as to Defendants MDM and Michael Manasian. Denied as to Defendant Donald Manasian. Answering further, Defendants did not "employ" Plaintiff.**

20. Plaintiff is an "employee" within coverage of the FLSA. 29 U.S.C. 203(e).

**ANSWER: Denied as untrue.**

21. Defendants are an "enterprise engaged in commerce" as defined by the FLSA. 29 U.S.C. 203(s).

**ANSWER: Admitted as to Defendants MDM and Michael Manasian. Denied as to Defendant Donald Manasian.**

22. Defendants had revenues in excess of $500,000.00 per year during the time of Plaintiff's employment with Defendants. 29 U.S.C. 203(s).

**ANSWER: Admitted as to Defendants MDM and Michael Manasian. Denied as to Defendant Donald Manasian.**

23. Defendants failed to pay Plaintiff at least minimum wage for all of the hours Plaintiff worked up to 40 hours per week, in violation of the FLSA. 29 U.S.C. 206(a).

**ANSWER: Denied as untrue. Answering further, Defendants deny that they are liable to Plaintiff for unpaid minimum wages under the FLSA.**

22. Defendants failed to pay Plaintiff at 1 ½ times minimum wage for all hours worked in excess of 40 hours per week, in violation of the FLSA. 29 U.S.C. 207(a).

**ANSWER: Denied as untrue. Answering further, Defendants deny that they are liable to Plaintiff for unpaid overtime under the FLSA.**

23. An employer who violates the FLSA is liable to the employee for the difference between the amount paid to the employee and the amount that, but for the violation, would have been paid, plus an additional equal amount as liquidated damages and reasonable attorney fees. 29 U.S.C. § 216(b).

**ANSWER: Defendants admit that 29 U.S.C. § 216 sets forth penalties for FLSA violations. Answering further, Defendants deny that they are liable to Plaintiff for violations of the FLSA.**

24. As a direct and proximate cause of Defendants' violation of the FLSA, Plaintiff has sustained damages in the form of unpaid wages and overtime compensation.

**ANSWER: Denied as untrue.**

25. Plaintiff's actual damages are at least $50,459.18.

**ANSWER:** Denied as untrue.

26. Plaintiff's liquidated damages are at least $50,459.18.

**ANSWER:** Denied as untrue.

WHEREFORE, Plaintiff requests that the Court grant judgment in Plaintiff's favor and against Defendants, jointly and severally, for at least $100,918.35, together with Plaintiff's costs and reasonable attorney fees incurred herein, and such other relief as the Court deems just and equitable.

**WHEREFORE, Defendants request that this Court enter a judgment of no cause of action in their favor and against Plaintiff and award Defendants their reasonable costs and attorneys' fees and such other relief as this Court deems just and proper.**

## AFFIRMATIVE DEFENSES

Defendants MDM RESTAURANTS, INC., d/b/a SILVER CRICKET, MICHAEL MANASIAN, and DONALD MANASIAN by and through their attorneys, Dickinson Wright PLLC, for their Affirmative Defenses to Plaintiff's Complaint, state as follows:

1. Plaintiff's claims are barred and should be dismissed, in whole or in part, because Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred and should be dismissed, in whole or in part, because they are moot.

3. Plaintiff's claims are barred and should be dismissed, in whole or in part, because Plaintiff has not suffered any damages, and/or Plaintiff's alleged damages are speculative and cannot be recovered.

4. Plaintiff's claims are barred and should be dismissed, in whole or in part, due to Plaintiff's own actions, inactions, fraud, and/or illegal acts.

5. Plaintiff's claims are barred and should be dismissed, in whole or in part, by Plaintiff's own material breaches of contract.

6. Plaintiff's claims are barred and should be dismissed, in whole or in part, by the doctrine of unclean hands.

7. Plaintiff's claims are barred and should be dismissed, in whole or in part, by the doctrine of waiver. Specifically, in consideration for his hiring, Plaintiff covenanted not to sue Defendants. *See* **Exhibit A**, Covenant Not to Sue; *see also* **Exhibit B**, Independent Contractor Agreement.

8. Plaintiff's claims are barred and should be dismissed, in whole or in part, by legal and equitable estoppel. *See* Exs. A & B.

9. Plaintiff's claims are barred and should be dismissed, in whole or in part, by any set-offs that may have occurred. Specifically, Plaintiff received substantial payment for every shift for which he performed services at MDM.

10. Defendants deny that they violated the FLSA, and specifically deny that any alleged violations were intentional, malicious, or done with reckless disregard for Plaintiff's legally protected rights. Any acts or omissions alleged by Plaintiff to give rise to this action were reasonable, particularly in light of Plaintiff's Covenant Not to Sue and Independent Contractor Agreement, and were not undertaken with intent, malice or reckless disregard as to whether such acts or omissions violated the FLSA or other applicable law.

11. Defendant Donald Manasian is not an employer under the FLSA and, accordingly, cannot be held liable for the alleged FLSA violations, and is not a proper defendant in Plaintiff's suit.

12. Plaintiff was an independent contractor and only ever performed services at MDM in that capacity. *See* Ex. B.

13. Plaintiff is not owed any unpaid minimum wages or unpaid overtime because Plaintiff is exempt from the FLSA's minimum wage and overtime requirements.

14. Defendants fully compensated Plaintiff according to Plaintiff's terms of hire.

15. Defendants reserve the right to amend and supplement these affirmative and/or special defenses as additional facts become known to them during discovery.

**WHEREFORE,** Defendants request this Honorable Court to dismiss Plaintiff's Complaint in its entirety and award Defendants costs and attorneys' fees incurred herein, and such other relief as the Court deems just and proper.

## JURY DEMAND

Defendants demand a trial by jury on all issues so triable in Plaintiff's Complaint.

Respectfully submitted,

DICKINSON WRIGHT PLLC

By: */s/ Angelina R. Irvine*
Angelina R. Irvine (P81712)
*Attorneys for Defendants*
500 Woodward Avenue, Ste. 4000
Detroit, MI  48226
(313) 223-3500
airvine@dickinsonwright.com

Date:  August 6, 2018

## **CERTIFICATE OF SERVICE**

      I certify that on August 6, 2018, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all parties of record.

                                               /s/ Faye A. Rosen

                                               Legal Secretary
DICKINSON WRIGHT, PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan  48226-3425
(313) 223-3500
frosen@dickinsonwright.com

DETROIT 45988-2 1467845v6